DAVID DUDLEY v. CHARLES M. SHAW *et al.*

HOMESTEAD — *Alienation* — *Joint Consent.* Joint consent by the husband and wife to the alienation of the homestead, need not necessarily be expressed in writing to fullfill the constitutional requirements. (*Pilcher v. A. T. & S. F. Rld. Co.*, 38 Kas. 516, followed.)

*Error from Dickinson District Court.*

EJECTMENT. The opinion states the case.

*John H. Mahan,* for plaintiff in error.

Opinion by GREEN, C.: The plaintiff below commenced a suit in ejectment to recover the south half of the northwest

quarter of section 22, in township 14 south, of range 3 east, in Dickinson county. The defendant Charles M. Shaw filed an answer, first, denying the allegations of the petition; and, second, denying that plaintiff had any title to said land; and, for a third count, alleged:

"Said defendant, further answering, says that on or before the 18th day of July, 1885, one James McIntyre and Anna McIntyre were lawfully married to each other, and occupied the premises described in said plaintiff's petition, with their minor children, as a homestead, and so continued to occupy said premises as a homestead until the first day of May, 1886, and during all of said time had no other homestead, and no other real estate; that on the said 18th day of July, 1885, said James McIntyre, without the consent or knowledge of his said wife, Anna McIntyre, executed and delivered a quitclaim deed for the said premises to one Halsey C. Ives, and the said Halsey C. Ives, on the said 18th day of July, 1885, caused said quitclaim deed to be filed in the office of the register of deeds of said county of Dickinson for record, a copy of which said quitclaim deed is hereunto attached, marked 'Exhibit A,' and made a part of this answer; and thereafter, on the 16th day of September, 1885, the said Anna McIntyre, without the knowledge or consent of her said husband, James McIntyre, executed and delivered to the said Halsey C. Ives a warranty deed for said premises, and the said Halsey C. Ives, on the 17th day of December, 1885, caused said warranty deed to be filed for record in the office of the register of deeds of said county of Dickinson, a copy of which said warranty deed is hereto attached, marked 'Exhibit B,' and made a part of this answer; and thereafter, on the ——— day of ———, 188—, said Halsey C. Ives, by his deed in writing, pretended to convey said premises to said plaintiff; that said plaintiff, at the time he received said pretended deed of conveyance from said Halsey C. Ives, was well acquainted with all the facts in relation to the said premises having been occupied by the said James McIntyre and Anna McIntyre, with their minor children, as a homestead, as hereinbefore set forth; and the said plaintiff has no further right, title or interest in or to said premises, or any part thereof.

"Thereafter, on the 22d day of May, 1886, said James McIntyre and Anna McIntyre, for a valuable consideration paid by said defendant Charles M. Shaw, sold and, by their deed in writing duly executed and acknowledged, conveyed

all the premises in said plaintiff's petition to said defend-
ant Charles M. Shaw; and said defendant, on the 25th day
of May, 1886, caused said deed of conveyance to be duly
recorded in the office of the register of deeds of said county
of Dickinson, state of Kansas, a copy of which said deed of
conveyance is hereto attached, marked 'Exhibit C,' and made
a part of this answer, and thereby became and ever since has
been and now is the owner in fee simple of the premises de-
scribed in plaintiff's petition.

. "Wherefore said defendant Charles M. Shaw prays that
the pretended title of said plaintiff to said premises may be
adjudged void; that the title of said defendant to said prem-
ises may be quieted; and that he may recover his costs herein."

Pending the suit, the plaintiff in error obtained possession
of the land in controversy, and dismissed his petition with-
out prejudice, and filed the following reply:

"Comes now the said plaintiff, and for reply to the answer
of Charles M. Shaw says he admits the making of the deeds
set out in the answer of the said defendant, and the filing
and record thereof, as shown thereby, but denies that the
consideration for the said deed of May 12, 1886, by Anna
McIntyre and James McIntyre to said Charles M. Shaw was
$10, as therein expressed, but was $5 only, and that said land
at said date was well worth the sum of $3,000, which said
defendant Shaw then well knew.

"Plaintiff further admits that said Anna McIntyre and
James McIntyre were husband and wife; but avers that, long
before the making of any of said deeds set out in said an-
swer, the said James McIntyre had abandoned his said family
and had left them in occupation of said land as their home-
stead, and said James McIntyre had abandoned all claim to
said homestead, and had fully authorized and empowered his
said wife, Anna McIntyre, to sell and convey the same; and
that said quitclaim deed of said James McIntyre dated July 15,
1885, was made for the purpose of expressing to his said wife
and said Halsey C. Ives his consent aforesaid to Anna Mc-
Intyre to sell and convey said homestead; that at no time
thereafter did said James McIntyre ever occupy said land
or claim said land as his homestead, nor does he yet claim
the same; that at the time of said execution of said deeds
by Anna McIntyre to the said Halsey C. Ives on the 16th
day of September, 1885, the said Anna McIntyre, with the

consent of her said husband, James McIntyre, sold said land to said Halsey C. Ives, and attempted to convey the same by said deed; that her said husband, James McIntyre, at all times consented and yet consents thereto, and thereupon the said Anna McIntyre, with the consent of her said husband, James McIntyre, put said Halsey C. Ives in the actual possession of said land; and said Halsey C. Ives thereupon paid said Anna McIntyre a consideration therefor to her full satisfaction and to the satisfaction of said James McIntyre; and said Anna McIntyre and James McIntyre are yet satisfied therewith, and at all times have been and yet desire that this plaintiff shall have this land; all of which has been at all times well known to the said defendant Charles M. Shaw, and was so well known to him at the time he took said deed dated May 22, 1886. And at the time said deed was made and delivered as aforesaid said Halsey C. Ives was in the actual possession and occupation of said land; and said Charles M. Shaw, well knowing all these facts, by importunity and for a consideration of $5 only, procured said James McIntyre and Anna McIntyre to execute said quitclaim deed of May 22, 1886, the said Anna McIntyre not knowing the purpose of said Shaw in procuring said deed, and the said Anna McIntyre and James McIntyre then informing said Shaw that they had no title to or interest in said land, and nothing therein to sell; nor did they pretend to convey any title or interest in said land to said Charles M. Shaw by said quitclaim deed; that thereafter and about the month of April, 1886, the said Halsey C. Ives sold and conveyed said land by warranty deed to this plaintiff; and the plaintiff thereupon, relying upon said title, paid off incumbrances upon said land to the amount of $800; that said incumbrance was so paid off after the making and delivering of said deed of September 16, 1885, and after the conveyance of said land to him by said Halsey C. Ives; and for the purpose of enabling him to pay off said incumbrance he executed to one L. B. West, of the state of New York, a mortgage in the sum of $800 upon said land; that, about the first of October, 1886, the said defendant Charles M. Shaw wrongfully, by threats, entered upon said land, and put thereon, as his tenant, the said defendant William Tomblin, who occupies said land now, and did at the commencement of this suit, as the tenant of said Charles M. Shaw, and he has no other interest in or claim to said land.

"This plaintiff therefore avers that said Charles M. Shaw took no title to said land by said quitclaim deed of May 22,

1886, and that long prior thereto the plaintiff and said Halsey C. Ives, under whom he claims, had not only the legal title to said lands, but the equitable title thereto, and were in the actual possession and occupation thereof until wrongfully dispossessed by said defendants, about the first of October, 1886. Wherefore, plaintiff prays judgment as in his petition prayed."

And afterward filed the following amendment to his reply:

"Comes the plaintiff, and for further reply, and by way of amendment to his reply herein, says that at the time the said James McIntyre and his wife Anna McIntyre occupied the property in controversy, there arose a difficulty between them, and the said James McIntyre abandoned his said home and family, and a divorce suit was instituted by his said wife Anna McIntyre, and in consideration of the dismissal of said suit the said James McIntyre deeded to his said wife all his interest in said land and they agreed to live apart, and did live so separate and apart until long after said Anna McIntyre made the deed of said land to Halsey C. Ives, and said Anna McIntyre and her children occupied said land as a homestead until said deed was made to Ives, whereupon she abandoned her home and put said Halsey C. Ives in possession thereof, and that both said James McIntyre and Anna McIntyre have at all times been and yet are satisfied therewith."

To this reply and amendment, the defendant Shaw demurred, which was sustained by the court below. The plaintiff in error brings the case here for review.

The only question presented for our consideration is the sufficiency of the reply of the plaintiff.

We think the reply is sufficient. This court has said:

"The constitution of the state does not in express terms require the alienation of the homestead by the joint consent of husband and wife, when that relation exists, to be evidenced by a writing; and hence, the consent of the wife to the grant or alienation of an easement in their homestead for the right-of-way of a railroad may be shown by such evidence as is deemed necessary to establish any other material fact." (*Pilcher v. A. T. & S. F. Rld. Co.*, 38 Kas. 516.)

It will be noticed by a reference to the reply that in contains the allegation of consent, upon the part of the husband and wife; that the quitclaim deed of July 18, 1885, was made

for the purpose of expressing consent; and that the deed made by Anna McIntyre on the 16th of September was made with the consent of her husband, and that the grantee was placed in possession with the consent of the husband and wife.

We think the reply stated facts sufficient to show that there was joint consent, upon the part of the husband and wife, to the alienation of this land, and that the court erred in sustaining the demurrer to the reply.

It is recommended that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.